FILED
IN CLERKS OFFICE
U.S. DISTRICT CO''-- -- N.Y:

★ DEC 2 *** ★

NOT FOR PRINT OR P.M. _____
ELECTRONIC PUBLICATION A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____X

JOSHUA MICHAEL MORGAN,

                Plaintiff,

    -against-

LUCIEN J. LECLAIRE, Commissioner;
DENNIS BRESLIN, Superintendent, Arthur
Kill Correctional Facility,

              Defendants.

_____X

                                       MEMORANDUM
                                       AND ORDER
                                       08-CV-04867 (BMC)

**COGAN**, District Judge:

    Plaintiff, proceeding *pro se*, currently incarcerated at Mid-State Correctional Facility, brings this *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 alleging that while incarcerated at Arthur Kill Correctional Facility from January to June 2007, defendants were deliberately indifferent to his medical needs. He seeks ten million dollars in damages. Complaint at ¶ 13. By Order dated November 10, 2008, the action was transferred from the United States District Court for the Southern District of New York. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, dismisses the complaint as to defendants LeClaire, Acting Commissioner of the New York State Department of Corrections, and Breslin, Superintendent, Arthur Kill Correctional Facility, and directs plaintiff to submit an amended complaint as set forth below.

## I. Background

    Plaintiff alleges that upon arrival at Arthur Kill Correctional Facility in January 2007, despite informing the medical staff that he was asthmatic and "rolled in my sleep," plaintiff was

housed in a top bunk. Complaint at ¶ 12. That first night, he "rolled in [his] sleep and suffered a deep laceration to the back of [his] head that needed six staples, which were surgically placed at the Staten Island University Hospital." Id. Plaintiff claims that the cane and medication given to him by the hospital were withdrawn within forty-eight hours and that no further medical treatment "has been forthcoming." Id.

## II. Discussion

### A. Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n. 1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999). Further, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court construes plaintiff's pleadings liberally particularly because they allege civil rights violations. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594 (1972) (per curiam); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004).

2

B.  42 U.S.C. § 1983

In order to maintain a §1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

C.  Plaintiff fails to State a Claim Against Defendants

Pursuant to 28 U.S.C. § 1915A(b), this Court has reviewed plaintiff's complaint and has determined that it fails to state a claim against both named defendants. As a prerequisite to a damage award, a plaintiff must allege each defendant's direct or personal involvement in the alleged constitutional deprivation. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quotation omitted); Moffit v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991), or that he had actual or constructive notice of the deprivation. Al-Jundi v. Estate of Nelson Rockefeller, 885 F.2d 1060, 1065-66 (2d Cir. 1989); McCann v. Coughlin, 698 F.2d 112, 125 (2d Cir. 1983). Although plaintiff names Lucien J. LeClaire, who was Acting Commissioner at the New York State Department of Corrections at the time of plaintiff's alleged mistreatment, and Dennis Breslin, Superintendent of Arthur Kill Correctional Facility, as defendants, there is no allegation that either of these defendants was personally involved in the alleged deprivation of plaintiff's constitutional rights. In fact, there are no allegations against either of these defendants. The only mention of them is in the caption and under the "parties" section of the complaint where

3

their names and titles are listed. Evidently, plaintiff believes that, by virtue of their positions, knowledge of these actions must be imputed to these leaders. This does not satisfy the requirements of § 1983. Thus, defendants LeClaire and Breslin are not proper parties to this action and the claims against them are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii); 1915A.

D. Leave to Amend

The Court recognizes that this leaves the plaintiff without a defendant in his cause of action. In light of plaintiff's *pro se* status, the Court grants plaintiff thirty days to amend his complaint. Cruz v. Gomez, 202 F.3d 593, 596-98 (2d Cir. 2000) (*pro se* plaintiffs should be afforded an opportunity to amend complaint prior to dismissal). Plaintiff must identify the individual defendant(s) who were involved in the alleged deliberate indifference to his medical needs. See Brock v. Wright, 315 F.3d 158, 164 (2d Cir. 2003) (stating that plaintiff must show deliberate indifference on the part of a "particular defendant"). While pleading these facts, plaintiff should specify what each individual defendant did or failed to do. Plaintiff is reminded that it is important to link the defendants named in the caption to the events described in the body of the complaint. Plaintiff may name "John Doe" defendants if he is unable to ascertain the names of the individuals. He should describe the John Doe defendant and the date, time, and location of the alleged constitutional violation in which each John Doe defendant was involved.

III. Conclusion

Accordingly, I dismiss plaintiff's § 1983 claims as to the defendants LeClaire and Breslin for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A. Plaintiff is afforded thirty (30) days to file an amended complaint setting forth his §

1983 claims for deliberate indifference to his medical needs and identifying individuals personally involved in the alleged constitutional violation. Should plaintiff decide to file an amended complaint, it must be submitted within thirty days of this Order, be captioned "Amended Complaint," and bear the same docket number as this Order. Plaintiff is advised that the amended complaint will completely replace the original complaint. No summons will issue at this time and all further proceedings will be stayed for thirty days or until plaintiff has complied with this Order. If plaintiff fails to comply with this Order within the time allowed, the complaint will be dismissed. Once submitted the amended complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917 (1962).

**SO ORDERED.**

/Signed by Judge Cogan/
U.S.D.J.

Dated:  Brooklyn, New York
        December 23, 2008